UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CAMPBELL

     v.                              CIVIL ACTION NO.
                                    05-10522-WGY

HALLSMITH-SYSC0 SERVICES


<u>NOTICE</u> <u>OF</u> <u>SCHEDULING</u> <u>CONFERENCE</u>

YOUNG, C.J.

     This case is called for an initial scheduling conference at 2:00 p.m. on **MON. MAY 9, 2005** in accordance with Fed. R. Civ. P. 16(b) and LR 16.1.  The Court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of L.R. 16.1[1] to be

---

    1.  These sections of LR 16.1 provide:

      (B)  <u>Obligation of counsel to confer</u>.  Unless otherwise ordered by the judge, counsel for the parties shall confer no later than ten (10) days prior to the date for the scheduling conference for the purpose of:

        (1)  preparing an agenda of matters to be discussed at the scheduling conference,

        (2)  preparing a proposed pretrial schedule of the case that includes a plan for discovery, and

        (3)  considering whether they will consent to  trial by magistrate judge.

      (C)  <u>Settlement proposals</u>.  Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten

(10) days prior to the date for the scheduling

conference.  Defense counsel shall have conferred with
their clients on the subject of settlement prior to the
settlement conference and be prepared to respond to the
proposals at the scheduling conference.

        (D)  <u>Joint statement</u>.  Unless otherwise ordered
by the judge, the parties are required to file, no later
than five (5) business days prior to the scheduling
conference, a joint statement containing a proposed
pretrial schedule, which shall include:

                (1)  a joint discovery plan scheduling the
                time and length for all discovery events,
that

                shall

                        (a) conform to the obligation to limit
                        discovery set forth in Fed. R. Civ. P.
                        26(b), and

                        (b) consider the desirability of con-
                        ducting phased discovery in which the
                        first phase is limited to developing
in-

                        formation needed for a realistic
assess-

                        ment of the case and, if the case does
                        not terminate, the second phase is
                        directed at information needed to
prepare

                        for trial; and

                (2)  a proposed schedule for the filing of
                motions; and

                (3)  certifications signed by counsel and by
                an authorized representative of each party
                affirming that each party and that party's
                counsel have conferred:

                        (a) with a view to establishing a
budget

                        for the costs of conducting the full
                        course -- and various alternative
courses

                        -- of the litigation; and

                        (b) to consider the resolution of the
                        litigation through the use of
alternative

                        dispute resolution programs such as
those

                        outlined in LR 16.4.

    To the extent that all parties are able to reach

of the utmost importance.[2]

---

agreement on a proposed pretrial schedule, they shall so
indicate.  To the extent that the parties differ on what
the pretrial schedule should be, they shall set forth
separately the items on which they differ and indicate
the nature of that difference.  The purpose of the
parties' proposed pre

trial schedule or schedules shall be to advise the judge
of the parties' best estimates of the amounts of time
they will need to accomplish specified pretrial steps.
The parties' proposed agenda for the scheduling
conference, and their proposed pretrial schedule or
schedules, shall be considered by the judge as advisory
only.

        2.  This session of the court follows the following
procedures at the initial scheduling conference:

        A.  The Court requires that the joint statement
required by LR 16.1(D) set forth each and every disputed
point in such fashion that, by initialling one approach
rather than another, the Court can indicate clearly the
individualized scheduling order to govern this case.
Where the joint statement is silent on a point, the
presumptive discovery limits set forth in LR 26.1(c)
shall apply.  Unless the parties agree to an earlier
date, discovery shall be complete, together with the
supplementation to any expert interrogatories, on the
date established for the final pre-trial conference/entry
onto the running trial list.

        B.  At the initial scheduling conference, the Court
will address counsel generally and, following the general
remarks, will see counsel in each individual case for the
sole purpose of advising counsel of the Alternative
Dispute Resolution mechanisms available and selecting a
date for the Final Pre-trial Conference and entry upon
the running trial list.  The Court is unlikely to
continue this date once established.

        C.  At its earliest opportunity, the Court will
approve or modify the joint statement and so endorse it
as to make it constitute the individualized scheduling
order for the management of this case.

        D.  Since no motions will be addressed at the
initial scheduling conference, counsel may move for such
further case management conferences as any of them may
deem advisable.

        E.  Please review the case list for the accuracy of

Counsel may be given a continuance only if actually engaged on trial.  Failure to comply fully with this notice and with sections (B), (C), and (D) of LR 16.1 may result in sanctions under LR 1.3.[3]

WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

By the Court,
/s/ Elizabeth Smith

Elizabeth Smith,Deputy Clerk

---

counsel's names.  If you notice that an attorney's name is missing, please undertake to give that attorney notice of the conference.  Your cooperation is appreciated.

3.  Pursuant to Local Rule 16.2, certain categories of cases are exempt from the provisions of this order. In addition, all parties and counsel are notified that cases which involve a pro se litigant are exempt from all provisions of this order save the obligation to appear at this scheduling conference.  Counsel may move in timely fashion to be exempt from the provisions of this order should it be unduly burdensome.  The court is unlikely to grant such motion unless made by a plaintiff who is a natural person not represented pursuant to the provisions of an insurance contract who files an affidavit, signed by the party, that in all likelihood the aggregate recovery, should the plaintiff prevail, will not exceed $150,000, or by a sole defendant who is a natural person not represented pursuant to the provisions of an insurance contract.