UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL G. CAMPBELL,<br>    Plaintiff<br><br>V.<br><br>HALLSMITH-SYSCO FOOD SERVICES,<br>INC.,<br>    Defendant | CIVIL ACTION NO. 05-CV-10522-WGY |

**HALLSMITH-SYSCO'S MOTION TO DISMISS**
**COUNT II OF THE PLAINTIFF'S COMPLAINT**

Now comes the defendant, Hallsmith-Sysco Food Services, LLC (hereinafter "Hallsmith-Sysco"), and moves this Court pursuant to Fed. R. Civ. P. Rule 12(b)(6) to dismiss Count II of the plaintiff's Complaint for "Reckless/Intentional Infliction of Emotional Distress" as this claim is barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act, M.G.L. c. 152, §4. As set forth below, Hallsmith-Sysco requests that Count II of the plaintiff's Complaint be dismissed with prejudice.

ALLEGED FACTS

The plaintiff was an employee of Hallsmith-Sysco from September 2000 until sometime in 2002. Complaint at ¶¶ 3, 32, 39. The plaintiff claims that he suffered a hostile work environment and same-sex sexual harassment as a result of certain alleged conduct of Hallsmith-Sysco's employees. Id. at ¶¶ 38-48.

The plaintiff alternately alleges that he was terminated or constructively discharged by Hallsmith-Sysco. ¶¶ 32, 50. As a result of this conduct, the plaintiff alleges he was caused

"severe emotional distress, mental anguish, humiliation and embarrassment…." Id. at ¶53, see also Id. at ¶¶ 49-52.

## ARGUMENT

A. The Plaintiff's Infliction of Emotional Distress Claim (Counts II) Is Preempted By the Workers' Compensation Statute.

The plaintiff alleges that he suffered emotional distress as the result of Hallsmith-Sysco's "reckless" or "intentional" conduct in terminating his employment. Id. at ¶¶ 49-53. As such, the plaintiff's claim for reckless or intentional infliction of emotional distress (Counts II) arises out of the course of his employment and is barred by the exclusivity clause of the Workers' Compensation Statute, G.L. c. 152, § 24.

"Common law actions are barred by the exclusivity provision of the workers' compensation act where: 'the plaintiff is shown to be an employee; his condition is shown to be a 'personal injury' within the meaning of the [statute]; and the injury is shown to have arisen 'out of and in the course of…employment.'" Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996), quoting Foley v. Polaroid Corp., 381 Mass. 545, 548-549 (1980). This permits recovery for emotional injuries exclusively through a workers' compensation claim. Doe v. Purity Supreme, Inc., 422 Mass. 563, 565 (1996). "Except for certain exceptions…intentional torts are covered by the Workers' Compensation Act, even when they are committed by co-employees." Id. Claims are barred whether or not the co-employee was acting within the scope of his employment when he committed a tort. Id. Brown v. Nutter, McClennen & Fish, 45 Mass. App. Ct. 212, 215 (1998).

Here, the plaintiff contends that he was either terminated or suffered constructive discharge as a result of allegedly harassing comments made by his co-workers. As such, the

plaintiff's claim for intentional infliction of emotional distress is barred by worker's compensation exclusivity and must be dismissed. Id.

Even emotional distress arising out of negligent bona fide personnel actions has been held to be barred by workers' compensation exclusivity. In <u>Catalano v. First Essex Sav. Bank</u>, 37 Mass. App. Ct. 377, rev. denied, 419 Mass. 1101 (1994), the Appeals Court noted that even though revisions to the Workers' Compensation Act in 1985 excluded employers from workers' compensation liability for negligent but bona fide personnel actions, those revisions did not preserve a separate civil cause of action for negligence, including a private cause of action for negligent infliction of emotional distress. Id. at 379-380. In a separate analysis, the First Circuit reached the same conclusion, holding that it would "strain credulity and common sense to presume that the Legislature chose to . . . expose individual employers to greater liability in common law negligence suits based on bona fide personnel actions." <u>Clarke v. Kentucky Fried Chicken of California</u>, 57 F.3d 21, 29 (1st Cir. 1995)(regarding plaintiff's claims for employment induced emotional distress due to negligent hiring or supervision of her alleged sexual harasser).

If the plaintiff could prove any injury, it would be as a result of the alleged actions of his co-workers and the alleged failure of Hallsmith-Sysco to timely and properly investigate the plaintiff's harassment claims. As alleged injuries can only have arisen in the course of the plaintiff's employment, they are barred by the exclusivity provision of the workers' compensation statute. Therefore, Count II of the plaintiff's Complaint must be dismissed with prejudice as a matter of law.

REQUEST FOR HEARING

The moving party requests oral argument on the foregoing Motion.

LOCAL RULE 7.1 CERTIFICATION

Counsel for defendant certifies that they have attempted in good faith to confer with opposing counsel in an effort to narrow or resolve the issues presented in this Motion.

HALLSMITH-SYSCO FOOD SERVICES, LLC

By its attorneys,

_/s/ Michael D. Badger_

Richard C. Van Nostrand, Esq.
BBO #507900
Michael D. Badger, Esq.
BBO #633915
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

Dated: May 9, 2005

CERTIFICATE OF SERVICE

I, Michael D. Badger, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Joseph B. Lichtblau, Esq., Law Office of Joseph B. Lichtblau, 92 State Street, Boston, MA 02109.

_/s/ Michael D. Badger_

Michael D. Badger, Esq.

Dated: May 9, 2005